

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

CHRISTOPHER E. BROWN,
an individual,

            Plaintiff,

vs.

STARBUCKS CORPORATION,
a Washington Corporation,

            Defendant.

------------------------------------------------------x

**'10 CIV 00322**

**COMPLAINT**

**JURY TRIAL NOT/DEMANDED**

**Index No.**
**ECF CASE**

Judge

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues STARBUCKS CORPORATION, a Washington Corporation, for damages, declaratory and injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq, and N.Y. Exec. § 296(2)(a) and alleges:

## JURISDICTION AND PARTIES

1. This is an action for damages, declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"), the New York Civil Rights Law, N.Y. Civ. Rights § 40 et. seq., and N.Y. Exec. § 296 et. seq. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and pendant and supplemental jurisdiction over state law claims that are alleged herein pursuant to 42 U.S.C. § 1367, *et seq.*

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3.    Plaintiff, CHRISTOPHER E. BROWN, (hereinafter referred to as "MR. BROWN"), is a resident of the State of New York.

4.    MR. BROWN suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

5.    Due to the disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6.    Upon information and belief, the Defendant, STARBUCKS CORPORATION, (hereinafter referred to as "STARBUCKS "), is the owner, lessee and/or operator of the real property and improvements which is the subject of this action, to wit: the "Property," located at 145 2nd Ave., New York, NY 10003.

7.    All events giving rise to this lawsuit occurred in the Southern District of New York, New York County, New York.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

8.    Plaintiff realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.    The Property is a public accommodation, subject to the ADA, located at 145 2nd Ave., New York, NY 10003.

10.    MR. BROWN has visited the Property located at 145 2nd Ave., New York, NY 10003., numerous times.

11.    During these visits, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein in Paragraph 14 of this Complaint.

2

12. MR. BROWN continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13. MR. BROWN intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers to access as discussed herein.

14. Defendant is in violation of 42 U.S.C. § 12181 et. seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to, but not limited to, their failure to provide and/or correct, *inter alia,* the following violations:

    A. inaccessible entrance due to lack of a level landing, excessively sloped ramp, and lack of handrails; and

    B. inaccessible counters due to excessive heights.

15. The discriminatory violations described in Paragraph 14 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

16. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. To date, the readily achievable barriers and other violations of the ADA still exist and have

not been remedied or altered in such a way as to effectuate compliance with the provisions
of the ADA.

18.    Removal of the barriers to access located on the Property is readily achievable, reasonably
feasible and easily accomplishable without placing an undue burden on Defendant.

19.    Removal of the barriers to access located on the Property would allow Plaintiff to fully
utilize the goods and services located therein.

20.    Independent of his intent to return as a patron to the stores located on the Property, Plaintiff
additionally intends to return to the Property as an ADA tester to determine whether the
barriers to access stated herein have been remedied.

21.    The Plaintiff has been obligated to retain counsel for the filing and prosecution of this action.
Plaintiff is entitled to have his reasonable attorney's fees, costs, and expenses paid by
Defendant pursuant to 42 U.S.C. § 12205

## COUNT II-VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

### (N.Y. Exec. Law § 290 et seq.)

22.    Plaintiff hereby incorporates by reference all allegations contained in all preceding
paragraphs of this Complaint as if they were expressly set forth herein.

23.    Defendant operates business establishments dealing with goods and/or services within the
jurisdiction of the State of New York and, as such, is obligated to comply with the provisions
of the NYSHRL, N.Y. Exec. Law section 290 et seq.

24.    The conduct alleged herein violates the ADA.

25.    The conduct alleged herein violates the NYSHRL.

26.    The NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any . . . owner

4

... of any place of public accommodation, ...because of the ... disability ... of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof[.]" N.Y. Exec. Law. section 296(2)(a).

27. The Defendant has violated the NYSHRL by, *inter alia*, denying Plaintiff and members of the Class, as persons with disabilities, some of the accommodations, advantages, facilities or privileges offered by Defendant, by refusing to make reasonable modifications to accommodate disabled persons.

28. In doing the acts and/or omission alleged herein, Defendant wrongfully and unlawfully denied access to their facilities to individuals with disabilities.

29. The Defendant has further violated the NYSHRL by being in violation of the rights provided under the ADA.

30. Plaintiff visited Defendant STARBUCKS numerous times and encountered architectural barriers as described in Paragraph 14.

31. By maintaining architectural barriers and policies that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of his disability, the accommodations, advantages, facilities or privileges thereof provided by STARBUCKS. Failure on the part of Defendant, as a reasonable and prudent public accommodation, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of Defendant.

32. Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

33.    Plaintiff pray for judgment pursuant to N.Y. Exec. Law § 297, including compensatory damages contemplated by § 297(9).

## THIRD COUNT III-VIOLATION OF NEW YORK'S CIVIL RIGHTS LAW §40-c

### (N.Y. Civ. Rights §§ 40-c and 40-d)

34.    Plaintiff hereby incorporates by reference all allegations contained in all preceding paragraphs of this Complaint as if they were expressly set forth herein.

35.    As owner and/or operator of retail stores in New York, Defendant operates places of public accommodation within the jurisdiction of the State of New York and, as such, is obligated to comply with the provisions of the NYSCRL, N.Y. Civ. Rights section 40 et seq.

36.    The conduct alleged herein violates the NYSCRL.

37.    Plaintiff has complied with the notice requirements of N.Y. Civ. Rights section 40-d as notice of this action was served upon the attorney general prior to initiating suit.

38.    Section 40-c of the NYSCRL states that "[n]o person shall, because of . . . disability . . . be subjected to any discrimination in his or her civil rights . . . by any firm, corporation or institution[.]"

39.    The Defendant has violated the NYSCRL section 40-c by, *inter alia*, by subjecting Plaintiff and members of the Class, as persons with disabilities, to discrimination in his civil rights.

40.    The Defendant has further violated the NYSCRL by being in violation of the rights provided under the ADA.

41.    This has resulted in a cognizable injury to Plaintiff.

42.    Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

6

43.    Plaintiff prays for judgment pursuant to N.Y. Civ. Rights section 40-d, including minimum

statutory damages, and all other relief allowed by law.

WHEREFORE, the Plaintiff demands judgment against STARBUCKS, and requests the

following relief:

A.    That the Court declares that the Property owned, leased and/or

operated STARBUCKS is in violation of the ADA;

B.    That the Court enter an Order directing STARBUCKS to alter the

facility to make it accessible to and useable by individuals with

disabilities to the full extent required by Title III of the ADA;

C.    That the Court enter an Order directing STARBUCKS to evaluate

and neutralize it's policies and procedures towards persons with

disabilities for such reasonable time so as to allow to undertake and

complete corrective procedures.

D.    That the Court award compensatory and statutory damages pursuant

to N.Y. Exec. Law section 297(9);

E.    That the Court award statutory damages pursuant to N.Y. Civ. Rights

section 40-d;

D.    That the Court award reasonable attorney's fees, costs (including

expert fees), and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems

necessary, just and proper.

Dated: January 14, 2010
       Bedford Village, NY

7

Respectfully submitted,

KU & MUSSMAN, P.A.
*Attorneys for Plaintiff*
11098 Biscayne Blvd., Suite 301
Miami, FL 33161
T:(305) 891-1322; F: (305) 891-4512

By:

Vanessa M. Gronbach (VG0523)
KUNTZ, SPAGNUOLO & MURPHY, P.C.
*Local Counsel*
444 Old Post Road
Hunting Ridge Mall
Bedford Village, New York 10506
T: (914) 234-6363; F: (914) 234-6249

8